# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3843

_____

Matthew P. Fuller,                               *
                                                 *
        Appellant,                               *
                                                 *   Appeal from the United States
        v.                                       *   District Court for the
                                                 *   District of South Dakota.
Jeff Bloomberg, Secretary of                     *
Corrections, SDDOC; Doug Weber,                  *          [UNPUBLISHED]
Warden, SDSP; Owen Spurrel,                      *
Associate Warden; Robert Rae,                    *
Unit Manager, SDSP; Dr. Regier,                  *
fnu, SDDH; G.D. Zike, Sr., Physician             *
Assistant; Summers, fnu, Correctional            *
Counselor, SDSP; Johnson, fnu,                   *
Correction Official, SDSP; Mary                  *
Burggraaf, Administrative Remedy                 *
Coordinator, SDSP; Justin, lnu,                  *
Mental Health Therapist, SDSP;                   *
Glen Dean, Mailroom Clerk, SDSP;                 *
Tracy Summers, Nurse, SDDH;                      *
Daughters, fnu, Corrections                      *
Counselor, SDSP; Any John or                     *
Jane Does, Correctional Officials,               *
SDSP; Any John or Jane Does,                     *
Medical Officials, SDDH,                         *
                                                 *
        Appellees.                               *

_____

Submitted: October 19, 2007
Filed:  November 7, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Matthew P. Fuller appeals the district court's preservice dismissal of his civil-rights action and the denial of his Federal Rule of Civil Procedure 59(e) motion. We affirm in part and remand in part.

Fuller brought a 42 U.S.C. § 1983 action claiming Eighth and First Amendment violations. He alleged that he contracted Hepatitis C from a razor while incarcerated at the South Dakota State Penitentiary (SDSP), that numerous SDSP officials were deliberately indifferent by permitting cross-contamination between inmates' razors, that defendants failed to provide him with information regarding Hepatitis C, and that the prison mail room rejected his incoming personal mail, specifically two packages from his parents containing photocopied pages of information about Hepatitis C.

Upon de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (28 U.S.C. § 1915(e)(2)(B) dismissal); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (28 U.S.C. § 1915A dismissal), we affirm the dismissal of the deliberate-indifference claims. First, the SDSP policies that Fuller alleged were in place--requiring prison staff to wear gloves when handling inmates' razors and to place each inmate's razors into a disinfected bin marked with the inmate's name and cell number--belie his assertion that defendants knew of but deliberately disregarded an excessive health risk associated with razors. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) (deliberate-indifference standard in conditions-of-confinement cases); cf. Butler v. Fletcher, 465 F.3d 340, 345-46 (8th Cir. 2006) (where evidence demonstrated that County implemented policies addressing serious health risk that tuberculosis poses to pretrial detainees, district court properly dismissed deliberate-indifference claim against sheriff, even if sheriff might have taken other reasonable measures to abate risk), cert. denied, 127 S. Ct.

2128 (2007). Second, Fuller admitted in his complaint that only eight days after his diagnosis, an officer gave him some information about the disease, and the complaint attachments show that eleven days after the diagnosis the warden informed Fuller how he could retrieve additional information.

The district court did not address Fuller's claim about his incoming personal mail, even after Fuller brought this omission to the court's attention in his Rule 59(e) motion. Because a prisoner's constitutional right to send and receive mail may be restricted only to advance legitimate penological interests, see Phelps v. U.S. Fed. Gov't, 15 F.3d 735, 740 (8th Cir. 1994), we believe that the allegations sufficiently stated a First Amendment claim to avoid preservice dismissal.

Accordingly, we affirm the dismissal of the Eighth Amendment deliberate-indifference claims. We remand the First Amendment mail claim for further proceedings not inconsistent with this opinion.

_____